```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

CHAKA KWANZAA,                  :
                                :   Civil Action No. 09-5132 (SRC)
             Plaintiff,         :
                                :
                                :
         v.                     :   ORDER
                                :
DONALD MEE, JR., et al.,        :
                                :
             Defendants.        :
```

For the reasons expressed in the Court's Opinion filed herewith,

It is on this 27 day of _____, 2011,

ORDERED that, pursuant to 28 U.S.C. § 1915(a) and (b), the application submitted by Plaintiff to proceed in forma pauperis is hereby GRANTED; and it is further

ORDERED that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail on the Attorney General of the State of New Jersey and on the Warden or Administrator at the Northern State Prison, where plaintiff currently is confined; and it is further

ORDERED that plaintiff is assessed a filing fee of $350.00 which shall be deducted from plaintiff's prison account pursuant

to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in plaintiff's prison account exceeds $10.00, the agency having custody of plaintiff shall assess, deduct from his account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to plaintiff's prison account, with each payment referencing the civil docket number of this action; and it is further

ORDERED that plaintiff's claims asserting an untimely administrative segregation review, denial of religious freedom, interference with his mail, unconstitutional telephone and visitation restrictions, denial of medical care, violation of the Americans with Disabilities Act, deprivation of property, and failure to file criminal charges, are DISMISSED WITH PREJUDICE, in their entirety, as against all named defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted; and it is further

ORDERED that plaintiff's claims asserting denial of access to the courts and common law negligence, are DISMISSED WITHOUT PREJUDICE for failure to state a claim at this time; and it is further

ORDERED that plaintiff's claim concerning his classification level relating to events in 1999 through 2003 is DISMISSED WITH PREJUDICE as time-barred; and it is further

ORDERED that plaintiff's claims asserting unconstitutional conditions of confinement, harassment and retaliation SHALL PROCEED at this time as against defendants, Donald Mee, Jr.; R. LaForgig; Mr. Paul; SCO DeLarossa; SCO Wilkerson; SCO Shrenke; and SCO Estcato; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon the defendants, Donald Mee, Jr.; R. LaForgig; Mr. Paul; SCO DeLarossa; SCO Wilkerson; SCO Shrenke; and SCO Estcato at the East Jersey State Prison; pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that the defendants, Donald Mee, Jr.; R. LaForgig; Mr. Paul; SCO DeLarossa; SCO Wilkerson; SCO Shrenke; and SCO Estcato; shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 454 (3d Cir.

1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, plaintiff is advised that such appointment is not automatic); and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with plaintiff's Application for Pro Bono Counsel; and it is finally

ORDERED that plaintiff's request for preliminary injunctive relief and injunctive relief is DENIED as moot because plaintiff is no longer confined at East Jersey State Prison.

_____
STANLEY R. CHESLER
United States District Judge